UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH W. GLAMUZINA and LINDY N. GLAMUZINA, husband and wife and the marital community of them comprised,,<br><br>Plaintiff,<br><br>v.<br><br>GLENS FALLS INSURANCE COMPANY, a New York corporation,<br><br>Defendant. | Case No. C07-5011 FDB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE PLAINTIFF'S BREACH OF INSURANCE CONTRACT |

This lawsuit involves the administration of an insurance claim submitted by the insured, Plaintiff Joseph and Lindy Glamuzina, to their insurance carrier, Glens Falls Insurance Company for the theft loss of an automobile. Upon denial of the insured's claim, Plaintiffs commenced this action alleging causes of action for breach of the insurance contract, bad faith, violation of the Washington Consumer Protection Act, breach of fiduciary duty, negligence, false light and defamation. Defendant Glens Falls Insurance Company moves for partial summary judgment on its claim that Plaintiffs Joseph and Lindy Glamuzina misrepresented material facts regarding the claim for theft loss coverage under the terms of an insurance policy. After reviewing all materials submitted by the

ORDER - 1

parties and relied upon for authority, the Court is fully informed and hereby denies the motion for the reasons stated below.

## INTRODUCTION AND BACKGROUND

On October 15, 2004, the insureds John and Lindy Glamuzina filed a proof of loss claim with their insurer Glens Falls Ins. Co. for the September 25, 2004 theft of their 1970 Chevrolet Corvette automobile. The vehicle was insured for an "agreed value" of $35,000.00. Glens Falls promptly commenced an investigation of the claim. As a part of the investigation, Glens Falls obtained a recorded statement from Mr. and Mrs. Glamuzina and conducted an examination under oath of both Plaintiffs. Glens Falls obtained documents and other evidence from Plaintiffs and third parties. At the conclusion of this investigation, Glens Falls declined to pay the Glamuzina's claim. By letter, Glens Falls informed the insured that based on it's coverage investigation , it had concluded that the insureds had misrepresented and concealed material information regarding their insurance claim, thus voiding any coverage for the purported loss. The claim denial letter stated that Glens Falls had discovered during it's investigation that the insureds (1) did not actually suffer a theft loss, but rather still possessed the subject vehicle after reporting the alleged loss to local law enforcement and after having submitted their theft claim, (2) the insureds misrepresented facts and circumstances surrounding their purchase of the vehicle, and (3) the insureds misrepresented their financial history and circumstances prior to the loss.

Glens Falls' determination that the insureds did not suffer a theft loss is primarily based on the declaration of Tanya Samuelson, wherein she states that she had a conversation with Joseph Glamuzina subsequent to the submission of the theft claim and Mr. Glamuzina told Ms. Samelson that he was trying to sell his classic Corvette, that he had a buyer in Las Vegas, that he would like to have a backup purchaser (possibly Ms. Samuelson' father), that the Corvette was parked in his garage, and that he offered to show the Corvette to Ms. Samuelson. Both Lindy and Joseph Glamuzina deny that this conversation ever took place and deny the allegations made in Ms.

ORDER - 2

Samelson's declaration.

Glens Falls also states that the insureds misrepresented the value and sales data of the vehicle. In an affidavit of theft loss, the insureds stated the Corvette was purchased in January 2003, the purchase price was $32,000 and that the vehicle was bought out of the paper. During his recorded statement, Mr. Glamuzina represented that he purchased the car from the friend of a friend. This individual was identified as Gary Lawrence. Glens Falls interprets this information as providing for different potential sellers and a material misrepresentation or concealment. The insureds argue that these statements are not inconsistent. Mr. Glamuzina states that it is his belief that the seller, Gary Lawrence was a friend of a friend and had advertized the sale in the paper.

In purchasing the insurance coverage, Mr. Glamuzina represented that the vehicle was worth $35,000, the "agreed upon price" that he would receive in the event of a total loss. Following the purported theft, Mr. Glamuzina's claimed the $35,000 loss. In an affidavit of theft loss, the insureds represented that the purchase price of the Corvette was $32,000. During deposition Mr. Glamuzina testified he only paid $25,000 for the vehicle. In reporting the loss to the police, Mr. Glamuzina stated the Corvette was worth $40,000. Glens Falls asserts that these differing statements regarding the purchase price/value are material misrepresentations. The insureds contend there is no inconsistency in the statements of value. The value of the vehicle increased over time and it had a value of $35,000 when the insurance was purchased and no suggestion has been put forth that this stipulated value is incorrect. The insured contend that the purchase price of the vehicle at the time of loss are immaterial to the claim. Glens Falls also points to documentation indicating two separate bills of sale showing a purchase date of January 24, 2003 and August 30, 2003. The insureds assert that the January date represents the Corvette purchase and the subsequent bill of sale is unrelated to the insureds.

Glens Falls states that Mr. Glamuzina made misrepresentations in his deposition when he testified he had never been involved in a lawsuit other than the instant action, where in fact Mr.

ORDER - 3

Glamuzina was the named defendant in two collection actions, as a defendant on a default action, and as defendant in a harassment action. Mr. Glamuzina responds by stating that he believed the question regarding prior lawsuits was directed towards a lawsuit of this nature. The previous lawsuits identified by Glens Falls were debt collections rendered by default in which the Glamuzinas did not defend. The insureds further contend this alleged misrepresentation is nonetheless immaterial.

Finally, Glens Falls asserts that the insureds made material misrepresentations concerning their financial condition. In a recorded statement, Mr. Glamuzina stated that their annual income was $50,000. Their actual tax and financial records showed an adjusted gross income of less than $20,000 in 2003 and negative income in 2004 and 2005. In response the insureds state that they provided all financial information and records requested by Glens Falls and contend that the misstatements were immaterial as Glens Falls could determine their financial status by resort to the disclosed records.

## SUMMARY JUDGMENT STANDARDS

A motion for summary judgment can only be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited,

ORDER - 4

however, "to those upon which a reasonable jury might return a verdict." <u>Triton Energy Corp. v. Square D. Co.</u>, 68 F.3d 1216, 1220 (9th Cir. 1995). Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. <u>Celotex</u>, at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp</u>., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. <u>Anderson</u>, at 249.

## MISREPRESENTATION OR CONCEALMENT OF MATERIAL FACTS

Glens Falls claims that it is relieved of paying under the policy because the insureds intentionally misrepresented and concealed material facts regarding their claim. The policy in question contains a clause that purports to void the policy in the case of misrepresentation by the insured. The clause reads as follows:

> All coverage afforded will be void if you intentionally conceal or misrepresent any material fact relating to this insurance before or after a loss.

Under Washington law, a clause voiding an insurance policy for the insured's material misstatement is enforceable. <u>Onyon v. Truck Ins. Exchange</u>, 859 F. Supp. 1338, 1341, (W.D. Wash. 1994); <u>Mutual of Enumclaw Ins</u>. Co. v. Cox, 110 Wn.2d 643, 649, 757 P.2d 499 (1988). Such a clause is enforced regardless of whether the misstatements caused any prejudice to the insurance company by causing it to bear the risk of additional risk. <u>Onyon</u>, at 1341; <u>Cox</u>, at 649.

A determination as to the applicability of this policy exclusion clause necessarily requires a finding of falsity, intent, and materiality. A misrepresentation is material when it concerns a subject relevant and germane to the insurer's investigation. In other words, a misrepresentation is material if,

ORDER - 5

when made, it could have affected the insurer's investigation or, it has prospective reasonable relevance to the insurer's inquiry. Allstate Ins. Co. v. Huston, 123 Wn. App. 530, 539, 94 P.3d 358 (2004). A misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented. Onyon, at 1341. Unless reasonable minds could reach but one conclusion from the admissible facts in evidence as to any of these aspects, summary judgment should not be granted. LaMon v. Butler, 112 Wn.2d 193, 199, 770 P.2d 1027 (1989).

Here, Glens Falls' motion requires a determination as to whether the insureds intentionally made misrepresentations and whether any such misrepresentations were material to the investigation.

Regarding the actual theft, there is conflicting evidence between the declaration of Tanya Samuelson and that of John and Lindy Glamuzina that requires a determination of credibility. Summary judgment is not proper when credibility issues involving more than collateral matters exist. Morinaga v. Vue, 85 Wn. App. 822, 935 P.2d 637 (1997). The insureds statements surrounding the purchase of the Corvette and sale price and value are not subject to easy explanation. Nonetheless a reasonable person could find that Mr. Glamuzina's statements were not necessarily inconsistent or intentional misrepresentations. Viewing the evidence in the light most favorable to Plaintiffs, there is a material issue of fact as to whether there was an intentional material misrepresentation concerning the sales transaction and the value of the Corvette. The statement regarding the absence of prior litigation, while false, has a plausible explanation that a reasonable person may determine was an unintentional and/or not a material misrepresentation. Finally, although the Mr. Glamuzina misrepresented their financial condition in his recorded statement, the financial records provided to Glens Falls set forth an accurate picture of the insureds' financial condition. Thus, there is a material issue of fact as to whether any misrepresentation was material. In other words, what difference would it make in the investigation that Mr. Glamuzina orally misrepresented their annual income when Glens Falls asked for and received copies of the insureds financial records.

ORDER - 6

There are genuine issues of fact for trial concerning whether there were intentional misrepresentations or concealment of material facts.

## CONCLUSION

For the above stated reasons, Glens Falls motion for summary judgment on the claim that Plaintiffs breached the insurance contract is denied.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion for Partial Summary Judgment Re Plaintiff's Breach of Insurance Policy [Dkt. # 24] is **DENIED**.

DATED this 16th day of June, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7