UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH W. GLAMUZINA and LINDY N. GLAMUZINA, husband and wife and the marital community of them comprised,, <br><br> Plaintiff, <br><br> v. <br><br> GLENS FALLS INSURANCE COMPANY, a New York corporation, <br><br> Defendant. | Case No. C07-5011 FDB <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS |

This lawsuit involves the administration of an insurance claim submitted by the insured, Plaintiff Joseph and Lindy Glamuzina, to their insurance carrier, Glens Falls Insurance Company for the theft loss of an automobile. Upon denial of the insured's claim, Plaintiffs commenced this action alleging causes of action for breach of the insurance contract, bad faith, violation of the Washington Consumer Protection Act, breach of fiduciary duty, and negligence. Defendant Glens Falls Insurance Company moves for partial summary judgment on Plaintiffs' extra-contractual claims. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion for the reasons stated below.

ORDER - 1

## INTRODUCTION AND BACKGROUND

This Court ruled in a prior motion that material issues of fact exist as to whether Joseph and Lindy Glamuzina misrepresented material facts regarding the claim for theft loss coverage under the terms of the insurance contract. Thus, Glen Falls Insurance Co. (Glen Falls) was not entitled to summary judgment on its claim that Plaintiffs breached the insurance contract. The following facts are taken from that ruling.

On October 15, 2004, the insureds John and Lindy Glamuzina filed a proof of loss claim with their insurer Glens Falls Ins. Co. for the September 25, 2004 theft of their 1970 Chevrolet Corvette automobile. The vehicle was insured for an "agreed value" of $35,000.00. Glens Falls promptly commenced an investigation of the claim. As a part of the investigation, Glens Falls obtained a recorded statement from Mr. and Mrs. Glamuzina and conducted an examination under oath of both Plaintiffs. Glens Falls obtained documents and other evidence from Plaintiffs and third parties. At the conclusion of this investigation, Glens Falls declined to pay the Glamuzina's claim. By letter, Glens Falls informed the insured that based on it's coverage investigation , it had concluded that the insureds had misrepresented and concealed material information regarding their insurance claim, thus voiding any coverage for the purported loss. The claim denial letter stated that Glens Falls had discovered during it's investigation that the insureds (1) did not actually suffer a theft loss, but rather still possessed the subject vehicle after reporting the alleged loss to local law enforcement and after having submitted their theft claim, (2) the insureds misrepresented facts and circumstances surrounding their purchase of the vehicle, and (3) the insureds misrepresented their financial history and circumstances prior to the loss.

Glens Falls' determination that the insureds did not suffer a theft loss is primarily based on the declaration of Tanya Samuelson, wherein she states that she had a conversation with Joseph Glamuzina subsequent to the submission of the theft claim and Mr. Glamuzina told Ms. Samelson that he was trying to sell his classic Corvette, that he had a buyer in Las Vegas, that he would like to

ORDER - 2

have a backup purchaser (possibly Ms. Samuelson' father), that the Corvette was parked in his garage, and that he offered to show the Corvette to Ms. Samuelson.  Both Lindy and Joseph Glamuzina deny that this conversation ever took place and deny the allegations made in Ms. Samelson's declaration.

Glens Falls also states that the insureds misrepresented the value and sales data of the vehicle.  In an affidavit of theft loss, the insureds stated the Corvette was purchased in January 2003, the purchase price was $32,000 and that the vehicle was bought out of the paper.  During his recorded statement, Mr. Glamuzina represented that he purchased the car from the friend of a friend.  This individual was identified as Gary Lawrence.  Glens Falls interprets this information as providing for different potential sellers and a material misrepresentation or concealment.  The insureds argue that these statements are not inconsistent.  Mr. Glamuzina states that it is his belief that the seller, Gary Lawrence was a friend of a friend and had advertized the sale in the paper.

In purchasing the insurance coverage,  Mr. Glamuzina represented that the vehicle was worth $35,000, the "agreed upon price" that he would receive in the event of a total loss.  Following the purported theft, Mr. Glamuzina's claimed the $35,000 loss.  In an affidavit of theft loss, the insureds represented that the purchase price of the Corvette was $32,000.  During deposition Mr. Glamuzina testified he only paid $25,000 for the vehicle.  In reporting the loss to the police, Mr. Glamuzina stated the Corvette was worth $40,000.  Glens Falls asserts that these differing statements regarding the purchase price/value are material misrepresentations.  The insureds contend there is no inconsistency in the statements of value.  The value of the vehicle increased over time and it had a value of $35,000 when the insurance was purchased and no suggestion has been put forth that this stipulated value is incorrect.  The insured contend that the purchase price of the vehicle at the time of loss are immaterial to the claim.  Glens Falls also points to documentation indicating two separate bills of sale showing a purchase date of January 24, 2003 and August 30, 2003.  The insureds assert that the January date represents the Corvette purchase and the subsequent bill of sale is unrelated to

ORDER - 3

the insureds.

Glens Falls states that Mr. Glamuzina made misrepresentations in his deposition when he testified he had never been involved in a lawsuit other than the instant action, where in fact Mr. Glamuzina was the named defendant in two collection actions, as a defendant on a default action, and as defendant in a harassment action. Mr. Glamuzina responds by stating that he believed the question regarding prior lawsuits was directed towards a lawsuit of this nature. The previous lawsuits identified by Glens Falls were debt collections rendered by default in which the Glamuzinas did not defend. The insureds further contend this alleged misrepresentation is nonetheless immaterial.

Finally, Glens Falls asserts that the insureds made material misrepresentations concerning their financial condition. In a recorded statement, Mr. Glamuzina stated that their annual income was $50,000. Their actual tax and financial records showed an adjusted gross income of less than $20,000 in 2003 and negative income in 2004 and 2005. In response the insureds state that they provided all financial information and records requested by Glens Falls and contend that the misstatements were immaterial as Glens Falls could determine their financial status by resort to the disclosed records.

**SUMMARY JUDGMENT STANDARDS**

A motion for summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." CR 56(c). In an insurance bad faith or Consumer Protection Act case, summary judgment is not appropriate if reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action. Mulcahy v. Farmers Ins. Co., 152 Wn.2d 92, 106, 95 P.3d 313 (2004). All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. Sherman v. State, 128 Wn.2d 164, 183, 905 P.2d 355 (1995). The nonmoving party, however, has the affirmative burden of setting "forth specific facts showing

ORDER - 4

that there is a genuine issue for trial." Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989). Here, there was no genuine issue of material fact that the insurer's conduct was reasonable.

## INSURER BAD FAITH AND BREACH OF FIDUCIARY DUTY

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. Smith v. Safeco Ins. Co., 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). Claims by insureds against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. Smith, at 485; Werlinger v. Clarendon Nat. Ins. Co., 129 Wn. App. 804, 808, 120 P.3d 593 (2005). The tort of bad faith has been defined as a breach of the obligation to deal fairly with an insured, giving equal consideration to the insured's interests. Anderson v. State Farm Mut. Ins. Co., 101 Wn. App. 323, 329, 2 P.3d 1029 (2000). The duty of good faith owed by an insurer to its insured is statutory. "The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters." RCW 48.01.030; Anderson, at 329. RCW 48.30.010(1) prohibits any person engaged in insurance from using unfair or deceptive acts in the conduct of such business. The statute authorizes the insurance commissioner to promulgate regulations that define minimum standards for insurance business practices. RCW 48.30.010(2). WACs 284-30-300 through -800 provide these standards and further provide that a violation of the standards constitutes a breach of the insurer's duty of good faith. Am. Mfrs. Mut. Ins. Co. v. Osborn, 104 Wn. App. 686, 697, 17 P.3d 1229 (2001). These standards include (1) denial of coverage without reasonable justification, WAC 284-30-330(6), (7), (13), and denial of coverage without a reasonable investigation, WAC 284-30-330(3), (4); WAC 284-30-370).

To succeed on a bad faith claim, the policyholder must show the insurer's investigation and denial of coverage was unreasonable, frivolous, or unfounded. Smith, at 484; Overton v. Consol. Ins.

ORDER - 5

Co., 145 Wn.2d 417, 433, 38 P.3d 322 (2002). The insurer's good faith mistake is not a breach of the duty of good faith. Anderson, at 329; Rizzuti v. Basin Travel Service of Othello, Inc., 125 Wn. App. 602, 615, 105 P.3d 1012 (2005). A reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in bad faith. Shields v. Enterprise Leasing Co., 139 Wn. App. 664, 676, 161 P.3d 1068 (2007); Dombrosky v. Farmers Ins. Co., 84 Wn. App. 245, 260, 928 P.2d 1127 (1996). The insured may not base a bad faith on an insurer's good faith mistake, which occurs when the insurer acts honestly, bases its decision on adequate information, and does not overemphasize its own interest. Werlinger, at 808; Griffin v. Allstate Ins. Co. 108 Wn. App. 133, 143-44, 29 P.3d 777 (2001). "[I]nsurance companies, like every other organization, are going to make some mistakes. As long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith claim or CPA claim against its insurer on the basis of a *good* faith mistake." Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 280, 961 P.2d 933 (1998). The determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case. Anderson, at 329-30; Shields, at 676. The fact that a jury could ultimately determine the insureds are entitled to coverage does not require that the insurer acted unreasonably in denying coverage. Glen Falls presented sufficient facts to support the reasonableness of its decision to deny coverage. Glens Falls denied coverage pursuant to the terms of the contract relieving the insurer of the obligation of paying under the policy where the insureds intentionally misrepresented and concealed material facts regarding their claim. Under Washington law, a clause voiding an insurance policy for the insured's material misstatement is enforceable. Onyon v. Truck Ins. Exchange, 859 F. Supp. 1338, 1341, (W.D. Wash. 1994); Mutual of Enumclaw Ins. Co. v. Cox, 110 Wn.2d 643, 649, 757 P.2d 499 (1988). Such a clause is enforced regardless of whether the misstatements caused any prejudice to the insurance company by causing it to bear the risk of additional risk. Onyon, at 1341; Cox, at 649. An insurer must make a good faith

ORDER - 6

investigation of the facts before denying coverage and may not deny coverage based on a defense that reasonable investigation would have proved to be without merit. <u>Indus. Indem. Co. of the N.W., Inc. v. Kallevig</u>, 114 Wash.2d 907, 917, 792 P.2d 520 (1990). Here, Glen Falls's investigation and denial of coverage was not unreasonable under the circumstances. Glen Fall's investigation revealed a witness that states Mr. Glamuzina attempted to sell the purported loss vehicle subsequent to the theft claim. Further, the insureds provided inconsistent and misleading representations regarding their financial condition, the sales transaction, value of the loss vehicle, and history of prior litigation. Although these maters, taken as a whole, conclusively establish that Glen Falls did not act unreasonably in denying coverage. In summary, the Plaintiffs fail to raise a material issue of fact regarding Glen Fall's alleged bad faith processing or investigation of the claim. Glen Falls is entitled to summary judgment on the bad faith and breach of fiduciary duty claims.

## CONSUMER PROTECTION ACT

The Consumer Protection Act (CPA) provides that unfair or deceptive acts in the conduct of trade or commerce are unlawful. RCW 19.86.020. To prevail on a CPA claim, the claimant must provide evidence of (1) an unfair or deceptive act or practice in trade or commerce that impacts public interest, and (2) resulting injury to the claimant's business or property. <u>James E. Torina Fine Homes, Inc. v. Mut. of Enumclaw Ins. Co.</u>, 118 Wn. App. 12, 20, 74 P.3d 648 (2003). Any act that qualifies as an unfair claims settlement practice in WAC 284-30-330 constitutes a per se unfair trade practice impacting public interest. <u>Id</u>. at 20-21, 74 P.3d 648. "The question of whether an act or practice is actionable under the Consumer Protection Act is a question of law." <u>Dombrosky v. Farmers Ins. Co. of Wash.</u>, 84 Wn. App. 245, 260, 928 P.2d 1127 (1996); <u>Leingang v. Pierce County Med. Bureau, Inc.</u>, 131 Wn.2d 133, 150, 930 P.2d 288 (1997).

In the insurance context, the elements of a CPA claim and the tort of bad faith are similar. <u>American Manufacturers Mut. Ins. Co. v. Osborn</u>, 104 Wn. App. 686, 697, 17 P.3d 1229 (2001). Any act that qualifies as an unfair insurance claims settlement practice in the pertinent regulations

ORDER - 7

constitutes a per se unfair trade practice impacting public interest under the Consumer Protection Act (CPA). RCW 19.86.020; WAC 284-30-330; <u>Rizzuti v. Basin Travel Service of Othello, Inc</u>., 125 Wn. App. 602, 621, 105 P.3d 1012 (2005); <u>James E. Torina Fine Homes, Inc. v. Mut. of Enumclaw Ins. Co.</u>, 118 Wn. App. 12, 20-21, 74 P.3d 648 (2003).

As discussed above, the Plaintiffs did not carry their burden of showing an unreasonable investigation and unreasonable denial of coverage. Consequently, they did not establish unfair or deceptive trade practices in the investigation of and denial of coverage. Further, a reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in violation of the Consumer Protection Act. <u>Shields v. Enterprise Leasing Co.</u>, 139 Wn. App. 664, 676, 161 P.3d 1068 (2007); <u>Dombrosky v. Farmers Ins. Co.</u>, 84 Wn. App. 245, 260, 928 P.2d 1127 (1996). Glen Falls is entitled to summary judgment on the CPA claim.

**NEGLIGENCE**

Plaintiffs frame their complaint to allege a separate cause of action in negligence. Negligence is actionable only if public policy imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. <u>Northwest Independent Forest Mfrs. v. Department of Labor and Industries</u>, 78 Wn. App. 707, 712-13, 899 P.2d 6 (1995). A cause of action for negligence requires the plaintiff to establish four elements: (1) the existence of a duty owed; (2) breach of that duty; (3) injury resulting from that breach; and (4) a proximate cause between the breach and the injury. <u>Tincani v. Inland Empire Zoological Soc</u>., 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). The existence of a duty may be predicated upon statutory provisions or on common law principles. When no duty of care exists, a defendant cannot be subject to liability for negligent conduct. <u>Webstad v. Stortini</u>, 83 Wn. App. 857, 865, 924 P.2d 940 (1996). An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. <u>Smith v. Safeco Ins. Co.</u>, 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). This is the same duty addressed in the cause of action for breach of the duty of good faith (bad faith). Accordingly, no separate action

ORDER - 8

for negligence exist outside the context of the bad faith claim.

## CONCLUSION

For the above stated reasons, Glens Falls motion for summary judgment on the extra-contractual claims is granted. The claims of (1)breach of good faith duty, (2) breach of fiduciary duty, (3) breach of Consumer Protection Act, and (4) negligence are subject to dismissal.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion for Partial Summary Judgment Re Plaintiff's Extra-Contractual Claims [Dkt. # 31] is **GRANTED**.

DATED this 10th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9