UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH W. GLAMUZINA and LINDY N. GLAMUZINA, husband and wife and the marital community of them comprised,,

Plaintiffs,

v.

GLENS FALLS INSURANCE COMPANY, a New York corporation,

Defendant.

Case No. C07-5011 FDB

ORDER DENYING MOTION TO INTERVENE AND FOR RECONSIDERATION

This matter comes before the Court on a pleading entitled Motion for reconsideration - Motion to Intervene as Plaintiffs under Fed. R. Civ. P. 24(a)(2). This pro se pleading has as purported signatories Joseph Jesselli, Jonathan Lee Riches and Guy Currier. The pleading claims that these individuals all have information, documents and exhibits to support Plaintiffs' claims. The interveners move for reconsideration to allow intervention for the purpose of showing newly discovered evidence.

The Court denies the motion in its entirety. Jonathan Riches is not unknown to the courts. Apparently Richie an inmate in South Carolina serving a sentence for wire fraud. One court has

ORDER - 1

noted that he has filed nearly 2,000 cases nationwide, while other courts have denied his motions to intervene.

An applicant for intervention of right under Rule 24(a) must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interests; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). Permissive intervention pursuant to Rule 24(b), may be allowed "[u]pon timely application ... when [the] applicant's claim or defense and the main action have a question of law or fact in common ." Fed. R. Civ. P. 24(b).

The motion does not allege or demonstrate any of these factors to warrant intervention as "of right" under Rule 24(a). Nor does it satisfy the requirements of permissive intervention. Although the pleading vaguely claims that common questions of law and fact exist, it does not identify them or identify the nature of the signatories interest in this matter.

## CONCLUSION

For the above stated reasons, the motion to intervene and for reconsideration is denied.

ACCORDINGLY;

IT IS ORDERED:

The motion to intervene and for reconsideration [Dkt. # 40] is **DENIED**.

DATED this 5th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2