UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH W. GLAMUZINA and LINDY N. GLAMUZINA, husband and wife and the marital community of them comprised,,

Plaintiffs,

v.

GLENS FALLS INSURANCE COMPANY, a New York corporation,

Defendant.

Case No. C07-5011 FDB

ORDER OF REMAND TO PIERCE COUNTY SUPERIOR COURT

This matter comes before the Court on Defendant's motion to remand to Pierce County Superior Court. In response, the Plaintiff agrees that remand is appropriate. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Defendant's motion and remands this case to the state court.

**Background**

This lawsuit involves the administration of an insurance claim submitted by the insured, Plaintiff Joseph and Lindy Glamuzina, to their insurance carrier, Glens Falls Insurance Company for the theft loss of an automobile. Upon denial of the insured's claim, Plaintiffs commenced an action

ORDER - 1

1 for insurance coverage in Pierce County Superior Court.

2       On January 9, 2007, Defendants removed the lawsuit to this Court on the grounds of subject matter jurisdiction based upon the diversity of citizenship of the parties. Plaintiffs are residents of Washington and Defendant is incorporated in another jurisdiction. The notice of removal states that because of the asserted causes of action for breach of the insurance contract, bad faith, violation of the Washington Consumer Protection Act, breach of fiduciary duty, negligence, and request for an award of attorneys fees, it was Defendants' belief that Plaintiff sought damages in excess of $75,000.00. The Plaintiff did not contest removal.

      On June 19, 2007, subsequent to the substitution of new counsel for Plaintiff, an Amended Complaint was filed. Although this amended complaint essentially re-alleged the same causes of action, this complaint stated that the amount of insurance coverage at issue was an agreed policy value of $35,000.00.

      On July 10, 2008, Plaintiff's extra-contractual claims were dismissed by this Court.

      Recognizing that the federal jurisdictional amount is lacking, Defendant, with the agreement of Plaintiffs, moves for remand to Pierce County Superior Court.

**Discussion**

      Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). To determine whether the amount in controversy has been met, the status of a case as disclosed by a plaintiff's complaint is controlling in the case of a removal. Paschinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir. 1986). Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

ORDER - 2

Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "If it is unclear what amount of damages the plaintiff has sought ... then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing Defendant now seeks remand on the basis that the jurisdictional amount of more than $75,000.00 in controversy is lacking. The Plaintiff is in agreement that remand is appropriate. Accordingly, this Court finds that it lacks jurisdiction and that remand is appropriate.

ACCORDINGLY;

IT IS ORDERED:

Defendant's Motion to remand to Pierce County Superior Court [Dkt. #54] is GRANTED.

DATED this 2nd day of October, 2008.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3